# EXHIBIT A



**Superior Court of the District of Columbia**
**CIVIL DIVISION – Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

**Case No.** _____ 2026-CAB-001712 _____

# **COMPLAINT**

Jurisdiction of this Court is founded on D.C. Code § 11-921.

| | | |
|---|---|---|
| Devrin Lindsay | | ChexSystem |
| PLAINTIFF | vs | DEFENDANT |
| 5201 Hayes Street | | Po Box 583399 |
| Address (No Post Office Boxes) | | Address (No Post Office Boxes) |
| Washigton , DC  20019 | | Minneapolis, MN  55458 |
| City        State        Zip Code | | City        State        Zip Code |
| (202) 431-2204 | | (180) 051-3712 |
| Telephone Number | | Telephone Number |
| devrin0021@outlook.com | | |
| *Email Address (optional)* | | *Email Address (optional)* |

1.  Write a short and plain statement of your claim, including any relevant facts, dates, and locations:

This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Defendant Chex Systems, Inc. ("ChexSystems") publishing and re-publishing inaccurate and materially misleading consumer report information about Plaintiff; failing to follow reasonable procedures to assure maximum possible accuracy; failing to conduct a reasonable reinvestigation after Plaintiff disputed the information; and failing to provide complete file disclosure information required by federal law.

ChexSystems maintained and furnished a negative entry sourced from First National Bank of Pennsylvania related to "overdrafts," but reported Plaintiff's name incorrectly as "DERVIN LINDSEY" and altered a critical date field by changing the closure status date to 11/06/2026, despite stating the date of closure as 11/06/2025. These errors are material, create identity/matching problems, and increase the likelihood of adverse banking decisions.

ChexSystems further failed to disclose key account fields and furnisher contact information necessary for Plaintiff to evaluate and challenge the record, including failing to provide the date opened and listing the furnisher telephone

number as "Not Available," while still claiming the item was "verified."

As a direct result of ChexSystems' inaccurate reporting and reinvestigation failures, Plaintiff suffered adverse actions including Truist Bank closing Plaintiff's account on January 15, 2026, and Navy Federal Credit Union being unable to proceed with Plaintiff's membership application on March 4, 2026, leaving Plaintiff unable to obtain ordinary banking services and forcing Plaintiff to use second-chance/alternative banking.

II. PARTIES

Plaintiff Devrin J. Lindsay is a natural person and a "consumer" within the meaning of the FCRA.

Defendant Chex Systems, Inc. is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f) because it regularly assembles, evaluates, and furnishes consumer report information about consumers for use by third parties in determining eligibility for deposit accounts and other banking services.

III. JURISDICTION AND VENUE

This Court has jurisdiction because the FCRA authorizes an action to enforce liability in "any appropriate United States district court… or in any other court of competent jurisdiction." 15 U.S.C. § 1681p.

Venue is proper in the District of Columbia because Plaintiff suffered injury and adverse consequences affecting Plaintiff's banking access in the District, and ChexSystems' reporting was accessed and used in connection with banking decisions affecting Plaintiff.

IV. FACTUAL ALLEGATIONS

A. ChexSystems reported inaccurate and incomplete information

ChexSystems maintained and furnished a negative record in Plaintiff's ChexSystems file with the following elements (among others):

Source/Furnisher: First National Bank of Pennsylvania

Reported for: Overdrafts

RTN/Acct: ███8092 / XXXXXXX1126

Original charge-off amount: $1,301.28

Date of closure: 11/06/2025

Closure status: Unpaid

ChexSystems reported the consumer name on this item as "DERVIN LINDSEY," which is not Plaintiff's legal name and is inaccurate.

ChexSystems' records and reinvestigation results reflected a change to a key date field by stating that the closure status date "has been changed to 11/06/2026," which is materially misleading and internally inconsistent when paired with the closure date of 11/06/2025. A status date occurring one year later is facially suspicious, impacts perceived "recency," and is important to banking eligibility determinations.

ChexSystems did not provide complete, clear disclosure of key account fields that would allow Plaintiff to evaluate accuracy and timeliness, including failing to disclose the date opened for the reported item.

ChexSystems further listed the furnisher's telephone number as "Not Available," yet represented that the item was "verified" as accurate and complete—calling into question the reasonableness and reliability of the verification process.

B. Plaintiff disputed; ChexSystems "verified" but kept errors and altered dates

Plaintiff disputed the accuracy and completeness of the negative item with ChexSystems on or about February 24, 2026, including disputing the misreported name and the inconsistent/misleading date reporting.

ChexSystems issued a reinvestigation results letter dated March 2, 2026, stating that the disputed report "has been verified to be accurate and complete by the reporting institution," while continuing to report the name incorrectly and reflecting the closure status date change to 11/06/2026.

After receipt of ChexSystems' reinvestigation results, Plaintiff requested further reinvestigation due to the continued inaccuracies and omissions, including the incorrect name and the materially misleading date change. ChexSystems thereafter refused or declined to conduct an additional reinvestigation despite continuing inaccuracies and the ongoing harm being caused by publication of the record.

ChexSystems' reinvestigation was unreasonable because it "verified" a record with facial identity defects (wrong name), incomplete fields (no date opened), and a materially misleading changed status date that created an internally inconsistent record.

C. Publication, adverse actions, and harm

ChexSystems furnished Plaintiff's consumer report information to third parties for banking eligibility decisions.

Plaintiff's ChexSystems disclosure shows that Truist Bank accessed Plaintiff's ChexSystems file on January 14, 2026.

On January 15, 2026, Truist Bank closed Plaintiff's checking account shortly after accessing Plaintiff's ChexSystems file, causing Plaintiff to lose banking access and disrupting ordinary financial life.

On March 4, 2026, Navy Federal Credit Union displayed "Unable To Proceed With Your Application," stating that it could not process Plaintiff's membership application due to the "status of previous accounts," thereby preventing Plaintiff from opening a banking relationship.

Due to being shut out of normal banking options, Plaintiff had to shop for alternative or second-chance banking options, including City Banking, to conduct basic banking business.

Plaintiff suffered actual damages including, but not limited to: loss of access to mainstream banking services, fees and costs associated with second-chance/alternative banking, time loss, disruption of financial life, and other

consequential harms.

V. CLAIMS FOR RELIEF

COUNT I

Violation of 15 U.S.C. § 1681e(b) — Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy (ChexSystems)

24. Plaintiff incorporates by reference Paragraphs 1–23.

ChexSystems prepared and furnished consumer report information containing inaccurate and materially misleading information, including but not limited to the misreported consumer name ("DERVIN LINDSEY"), the altered and misleading closure status date (11/06/2026), and incomplete reporting of key account fields needed for accuracy and completeness.

ChexSystems failed to follow reasonable procedures to assure maximum possible accuracy of the information it reported about Plaintiff, in violation of 15 U.S.C. § 1681e(b).

ChexSystems' violations were a direct and proximate cause of Plaintiff's damages.

COUNT II

Violation of 15 U.S.C. § 1681i — Failure to Conduct a Reasonable Reinvestigation / Failure to Correct or Delete Inaccurate or Unverifiable Information (ChexSystems)

28. Plaintiff incorporates by reference Paragraphs 1–27.

Plaintiff disputed the accuracy and completeness of the ChexSystems reporting. ChexSystems was required to conduct a reasonable reinvestigation and to delete or modify information found to be inaccurate, incomplete, or unable to be verified.

ChexSystems unreasonably "verified" the disputed item as accurate and complete while continuing to report Plaintiff's name incorrectly and while reflecting a materially misleading closure status date change to 11/06/2026,

without providing the missing data fields necessary to evaluate accuracy (including the date opened) and while listing the furnisher telephone number as "Not Available."

ChexSystems further refused or declined additional reinvestigation despite continued inaccuracies and ongoing harm.

ChexSystems violated 15 U.S.C. § 1681i, and its violations were a direct and proximate cause of Plaintiff's damages.

COUNT III

Violation of 15 U.S.C. § 1681g(a) — Failure to Provide Full and Accurate File Disclosure (ChexSystems)

33. Plaintiff incorporates by reference Paragraphs 1–32.

Plaintiff was entitled to a full and accurate disclosure of all information in ChexSystems' file about Plaintiff, including sufficient source and account information to evaluate the accuracy, completeness, and timeliness of the negative record.

ChexSystems failed to provide complete and accurate disclosure of key fields and information, including failing to disclose the date opened and failing to provide complete furnisher contact/verification information, while maintaining and publishing the disputed item.

ChexSystems violated 15 U.S.C. § 1681g

2. What relief are you requesting from the Court? Include any request for money damages.
VI. DAMAGES; WILLFUL AND/OR NEGLIGENT NONCOMPLIANCE

Plaintiff suffered actual damages, including financial harm, loss of banking access, additional costs, time loss, and consequential damages.

ChexSystems' conduct was negligent and/or willful.

Plaintiff seeks relief pursuant to:

15 U.S.C. § 1681o (negligent noncompliance—actual damages, costs, and reasonable attorney's fees as permitted), and/or

15 U.S.C. § 1681n (willful noncompliance—actual damages or statutory damages as applicable, punitive damages as applicable, costs, and reasonable attorney's fees as permitted).

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant ChexSystems and award:

A. Actual damages in an amount to be proven at trial;

B. Statutory damages and punitive damages as allowed by law for willful violations;

C. Costs of suit and such other relief as the Court deems just and proper;

D. Declaratory relief that ChexSystems' reporting and reinvestigation were noncompliant;

E. Such additional relief as the Court deems fair and equitab

3. State any other information, of which the Court should be aware:

## **SIGNATURE**

To the best of my knowledge, everything in this Complaint is true and I am not filing this Complaint to harass the Defendant(s). Superior Court Civil Rule 11(b).

I declare under penalty of perjury that the foregoing is true and correct. Superior Court Civil Rule 9-I.

/s/ Devrin Lindsay
**SIGNATURE** (Plaintiff)

March 16, 2026
**DATE**



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## 500 Indiana Ave, NW, Washington, DC 20001
## (202) 879-1010   www.dccourts.gov

Devrin Lindsay
_____
                                   Plaintiff

vs.                                                    Case Number  **2026-CAB-001712**

ChexSystem
_____
                                   Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty-one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party or Plaintiff who is suing you. The attorney's name and address appear below. If Plaintiff has no attorney, a copy of the Answer must be mailed to the Plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, NW, between 8:30am and 5:00pm, Mondays through Fridays, or between 9:00am and 12:00pm on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the Plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the Complaint.

|  |  |
|---|---|
| | *Clerk of the Court* |
| Name of Plaintiff's Attorney | By _____ |
| 5201 Hayes Street , Apt. 102 | Deputy Clerk |
| Address | |
| Washigton , DC  20019 | **March 16, 2026** |
| (202) 431-2204 | Date |
| Telephone | |

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요        የአማርኛ ትርጉም ለማግኘት (202) 879-4828      ይደውሉ

  IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or visit https://www.dccourts.gov/services/represent-yourself.

Super. Ct. Civ. R. 4                     Page 1 of 1                     Rev. December 15, 2020